NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 14 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUMBERTO TERRAZAS-MORALES, | No.  18-73243 |
| Petitioner, | Agency No. A205-403-448 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2023[**]
Las Vegas, Nevada

Before:  GRABER, CLIFTON, and BENNETT, Circuit Judges.

Humberto Terrazas-Morales petitions for review of a Board of Immigration

Appeals ("BIA") order denying his motion for reconsideration.  We have

jurisdiction under 8 U.S.C. § 1252 and review for abuse of discretion.  *See*

*Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005).  We deny the petition.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Terrazas-Morales's main argument is that the BIA erred in rejecting his argument that his Notice to Appear ("NTA"), which omitted the date and time of his hearing, deprived the immigration court of jurisdiction. This argument is foreclosed by *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1192 (9th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 755 (2023). Thus, the BIA did not err in denying the motion for reconsideration.

Terrazas-Morales also argues, separate from his jurisdictional argument, that the NTA's lack of the date and time information rendered the NTA invalid (even though he later received a notice of hearing that supplied the date and time information and appeared at the hearing with his counsel). According to Terrazas-Morales, because the NTA was invalid, the agency had to terminate the proceedings. This argument fails in light of *Bastide-Hernandez*. *See id.* at 1193 & n.9 (recognizing that an NTA that lacks date and time information but is later cured by a notice of hearing suffices to commence proceedings before an immigration judge under 8 C.F.R. § 1003.14(a)).

**PETITION DENIED.**